# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENJAMIN EDWARD GREGOR, | : | |
| Petitioner, | : | 1:20-cv-1619 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| CATRICIA HOWARD, | : | |
| Respondent. | : | |

## MEMORANDUM

### April 30, 2021

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 6), filed by Petitioner Benjamin Edward Gregor ("Gregor"), a federal inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Complex at Allenwood, White Deer, Pennsylvania. Gregor seeks review of the BOP's decision to deny him release to home confinement under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. (*Id.*).

The petition is ripe for disposition and, for the reasons that follow, will be dismissed.

## I. BACKGROUND

On June 11, 2020, the BOP reviewed Gregor for home confinement under the five factors pursuant to 18 U.S.C. § 3621(b), 18 U.S.C. § 3624(c)(2), the CARES Act, and Memoranda from the Attorney General to the Director of the

Bureau of Prisons ("BOP"), dated March 26, 2020 and April 3, 2020. (Doc. 12-1, p. 3, Declaration of Johnathan Kerr ("Kerr Declaration"), ¶ 2). The BOP determined Gregor "to not be appropriate for home confinement based on a Medium security Classification, a Medium recidivism risk Pattern score, does not suffer from a serious underlying medical condition putting him at high risk for severe illness from COVID-19 under the Center for Disease (CDC) guidelines, and because (at that time) he only served 28% of his imposed federal term and was greater than 18 months from his projected good conduct time release date." (*Id.* at ¶ 2). Gregor did not appeal this determination. (*Id.* at ¶¶ 2, 10, 11).

## II. **DISCUSSION**

Gregor challenges the denial of his pre-release placement *via* 28 U.S.C. § 2241. Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).

Respondent argues that the petition should be dismissed based on Gregor's failure to exhaust his administrative remedies prior to seeking review in federal court. (Doc. 12, pp. 13, 14). Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241.

2

*Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). However, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); *Carling v. Peters*, No. 00-2958, 2000 WL 1022959, at *2 (E.D.Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

The BOP has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-

542.19 (2005)). The system first requires that an inmate present their complaint to staff before filing a request for Administrative Remedy, which staff shall attempt to informally resolve. (Doc. 12, p. 13, n. 4 citing 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, an inmate may file a formal written complaint to the Warden, on the appropriate form, within twenty calendar days of the date on which was the basis of complaint occurred. (*Id.*, citing 28 C.F.R. § 542.14). If the inmate is dissatisfied with the Warden's response, he may file an appeal to the Regional Director within twenty calendar days. (*Id.*, citing 28 C.F.R. § 542.15(a)). The Regional Director has thirty calendar days to respond. 28 C.F.R. § 542.18. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the BOP's General Counsel at Central Office within thirty calendar days from the date of the Regional Director's response. (Doc. 12, p. 13, n. 4 citing 28 C.F.R. § 542.15(a)).

Gregor submitted a request to be released to home confinement on June 8, 2020. (Doc. 12-1, p. 17). On June 12, 2020, the Warden notified him that he was "not a suitable candidate for home confinement placement." (*Id.* at p. 16). He failed to appeal this decision. Gregor does not dispute this failure to exhaust. Instead he states, without any supporting facts, that exhaustion would be futile. Because he has not alleged facts that would permit a finding that exhaustion would

4

have been futile, and does not establish irreparable injury, the will be dismissed

failure to exhaust administrative remedies. To hold otherwise would frustrate the

purposes of the exhaustion doctrine by allowing Gregor to invoke the judicial

process despite failing to complete administrative review.[1]

### III. CONCLUSION

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28

U.S.C. § 2241will be dismissed without prejudice.

The Court will enter an appropriate Order.

---

[1] Gregor also includes various civil rights claims in his reply. (Doc. 13, p. 6). "[H]abeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.' " *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (quoting Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv.L.Rev. 1551, 1553 (2001)). When seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. *See Leamer, 288* F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." *See Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993). His claim that being fed unhealthy foods and being locked in a cell for twenty-three hours per day has caused his mental and physical health to deteriorate does not involve a challenge to the legality of his present incarceration. (Doc. 13, p. 6), Consequently, the claim will be dismissed without prejudice to his right to reassert it in a properly filed civil rights action.